advantageous to creditors, than if the proceedings had taken a different course. There was nothing left which, under any circumstances, could be available to the general creditors. Fenn transferred nothing to defendants that a court of bankruptcy could take hold of.

There was no residuum. His estate being subordinate to the claims of his associates, under the articles of association, and consisting only of such residuum, there was nothing of it of value. Defendants only received and distributed to the proper parties that part of the proceeds of Fenn's seat, which belonged to the other members, as they had a right to do under the articles of association.

The error of the plaintiff consists in regarding the seat of Fenn and its proceeds as wholly his property, subject to his absolute disposition, whereas he only had a qualified and limited property in it—an interest subordinate to that of his associates. His estate is what is left after other paramount claims are satisfied out of it, and there appears to be nothing left. The prior rights of his co-members accrued by virtue of the very act by which Fenn acquired any rights at all, as a member of the board, and they cannot be divested. The articles of association do not authorize Fenn, or anybody else, to dispose of Fenn's property contrary to the provisions of the bankrupt act [of 1867 (14 Stat. 517)], as claimed by the plaintiff. They only determine what the extent of his rights of property under the articles of association are, and authorize the board to administer its own affairs, and protect the rights of its own members in matters pertaining to the transactions of the board, in its own way. There must be judgment for the defendants with costs.

[NOTE. The plaintiff took the case to the supreme court on writ of error, where, in an opinion by Mr. Justice Miller, the decision of the lower court was affirmed. 94 U. S. 523. It was held, following the principle laid down in Nichols v. Eaton, 91 U. S. 716, that membership in the board was not a matter of absolute sale. Although it is property, yet it is, when purchased, qualified and incumbered by the conditions of article 15 and others, which conditions the creators of it had a right to impose, and a compliance with which is necessary to obtain it.]

---

HYDE PARK (NORTHWESTERN FERTILIZING CO. v.). See Case No. 10,336.

---

## Case No. 6,976.

HYER et al. v. HYATT et al.

[2 Cranch, C. C. 633.] [1]

Circuit Court, District of Columbia. Dec. Term, 1825.

ACTION AGAINST TWO DEFENDANTS — CONFESSION OF JUDGMENT BY ONE—SETTING ASIDE FOR IRREGULARITY—CONSOLIDATION OF CASES.

In an action against two defendants, if one be taken and issue be joined, and plea waived,

and judgment confessed against him after the other has been taken, and before the cause is at issue against him, the judgment may be set aside for irregularity, and the two cases consolidated, and the issues made up and set for trial.

This was a joint action against Hyatt and Wilson. Hyatt was first taken. Afterwards, upon an alias capias, Wilson was taken; and, while his case was standing on the imparlance-docket, judgment was confessed by Hyatt, and accepted by the plaintiff, by mistake, not being aware at the time that Wilson had been taken.

Mr. Key and Mr. Dunlop, for plaintiffs, now moved that the judgment against Hyatt should be set aside for irregularity, the continuance entered up, agreeably to the act of assembly of Maryland of November, 1787 (chapter 9, § 6), and the actions consolidated and set for trial.

Mr. Jones and Mr. Lee, contra.

THE COURT (MORSELL, Circuit Judge, absent) granted the motion.

---

## Case No. 6,977.

HYER et al. v. HYATT et al.

[3 Cranch, C. C. 276.] [1]

Circuit Court, District of Columbia. Dec. Term, 1827.

INFANCY—CONTRACTS — RATIFICATION AFTER SUIT BROUGHT—NECESSARIES.

1. No contract of an infant is so absolutely void that it cannot be confirmed and made valid by the infant at full age.

2. An acknowledgment, after suit brought, will not avail the plaintiff, although made by the defendant after full age.

3. All contracts by infants are voidable, except for necessaries; and even then the plaintiff can only recover the value of the articles furnished; the infant not being competent to bind himself absolutely as to the price.

[Cited in Young v. Bell, Case No. 18,152.]

Assumpsit upon the defendant's acceptance of an inland bill of exchange drawn July 1, 1815. by one Okeley at New York, on the defendants at Georgetown, District of Columbia, for $645.73 at six months after date, accepted on the 20th of July, 1815. The defendants pleaded severally non assumpsit, and the defendant Hyatt, at the trial relied upon his nonage at the date of the acceptance; to rebut which the plaintiffs [Hyer and Bremner] showed by the record in this case, that the defendant, after the commencement of the suit, and after he was of full age, confessed judgment, which was set aside upon the plaintiffs' motion. for irregularity, inasmuch as the other defendant, Wilson, had been taken but had not yet pleaded, and the cause as to him stood upon the imparlance docket, so that the cause as to Hyatt, ought to have been carried back and consolidated with that of Wilson. The